*1285 FAY, Circuit Judge,
concurring specially:
Although I concur in the court’s opinion, I write separately to express some doubt and concern about how we should interpret the opinion of the Supreme Court in Magwood v. Patterson, 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010). It is clear that Magivood does not alter our opinion and holding in Ferreira v. Secretary, Department of Corrections, 494 F.3d 1286 (11th Cir.2007). However, there is language in Magwood that indicates to me that the Supreme Court may well take a different tack should it deal with a case like this one. In response to the dissenters, Justice Thomas goes to some lengths to emphasize: “This is Magwood’s first application challenging that intervening judgment. The errors he alleges are new. It is obvious to us — and the State does not dispute — that his claim of ineffective assistance at resentencing turns upon new errors.” Magwood, 561 U.S. at 339, 130 S.Ct. at 2801. That is not the situation with Insignares. There is nothing new in his petition attacking his new judgment. Instead, he raises exactly the same issues he raised in his earlier application. Consequently, except for the intervening “new judgment,” we are dealing in this case with an otherwise clear abuse of the writ.
When the Supreme Court has a case exactly like this one, we will know the answer. Until then, we are bound by our precedent in Ferreira.