[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13878
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-00120-CG-B

PHILLIP WAYNE TOMLIN,

Petitioner-Appellant,

versus

TONY PATTERSON,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 16, 2015)

Before MARCUS, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Phillip Wayne Tomlin appeals denial of his habeas petition under 28 U.S.C. § 2254.  We vacate the district judge's judgment without prejudice and remand for further proceedings consistent with this opinion.

## I.    BACKGROUND

Tomlin has been tried, convicted, and sentenced to death for the 1977 murders of Richard Brune and Cheryl Moore four times.  His first three convictions were reversed.  His fourth conviction was affirmed, but his sentence was reduced to life imprisonment without the possibility of parole by the Alabama Supreme Court.  During state post-conviction proceedings, Tomlin argued unsuccessfully his life sentence without parole violated ex post facto and due process principles under the United States and Alabama Constitutions.

On March 9, 2010, Tomlin filed a pro se § 2254 petition in district court.  He argued his sentence of life imprisonment without parole was "illegal," because the Alabama capital-murder statute applicable in his case required the presence of a statutorily enumerated aggravating factor for him to be eligible for a death sentence or life imprisonment without the possibility of parole.[1]  R. at 55.  The aggravating circumstance on which his sentence was based, double-intentional murder, was not enumerated in the relevant provision. Without further explanation,

---

[1] Alabama's former capital-murder statute contained one provision setting forth capital crimes, Ala. Code § 13-11-2, and a second provision setting forth aggravating circumstances, Ala. Code § 13-11-6.

2

he asserted his sentence violated his rights "under the Eighth and Fourteenth Amendments (due process [and] equal protection of the law) as guaranteed in the United States Constitution."  R. at 56.

In a reply to the state's response to his § 2254 petition, Tomlin argued (1) the Alabama legislature did not add double murder as an aggravating factor until 1999, after he had committed his crimes; and (2) consequently, using that factor to convict and sentence him to life without parole under the capital-murder statute violated ex post facto principles.  After filing his reply, Tomlin requested leave to file a supplemental pleading based on our then-recent decision in *Magwood v. Warden, Ala. Dep't of Corr.*, 664 F.3d 1340 (11th Cir. 2011).  His supplemental pleading contained assertions his conviction violated the Ex Post Facto Clauses of the United States and Alabama Constitutions.  Referencing *Magwood*, Tomlin argued his sentence violated the fair warning principle inherent in the Due Process Clause, because it was based on judicial constructions of the Alabama capital-murder statute that occurred after his crimes and was applied retroactively in his case.  The district judge did not rule on Tomlin's motion to supplement.

A magistrate judge issued a Report and Recommendation ("R&R"), recommending Tomlin's § 2254 petition be denied.  The magistrate judge, however, did not address the ex post facto and due process, fair warning claims

3

presented in Tomlin's motion to supplement his § 2254 reply brief.  In addressing the claim his sentence was illegal, because the aggravating circumstances on which it was based were not statutorily enumerated at the time of his crimes in Tomlin's initial § 2254 petition, the magistrate judge relied on the judicial expansion of the Alabama capital-murder statute in *Kyzer*,[2] and the Supreme Court's recognition of the *Kyzer* holding in *Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788 (2010). The district judge adopted the R&R.

A judge of this court issued a certificate of appealability on the following issue:

> Whether the Alabama court's decision—that Tomlin's sentence of life imprisonment without the possibility of parole did not violate the Ex Post Facto Clause—was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.

On appeal and represented by counsel, Tomlin argues his sentence of life without parole violates the "*ex post facto* principle of fair notice" inherent in the Due Process Clause.  Appellant's Br. at 47.  The state responds Tomlin's claim is unexhausted, procedurally barred, and meritless.

## II.    DISCUSSION

---

[2] *Ex Parte Kyzer*, 399 So.2d 330 (Ala. 1981), *abrogated in relevant part by Ex Parte Stephens*, 982 So.2d 1148, 1152-53 (Ala. 2006).

We review de novo a district judge's denial of a § 2254 petition.  *Davis v. Sec'y, Dep't of Corr.*, 341 F.3d 1310, 1313 (11th Cir. 2003).  District judges must resolve all claims alleging a constitutional violation a habeas petitioner presents.  *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc).  We have explained we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims whenever the district court has not resolved all such claims."  *Id.* at 938.

The district judge violated *Clisby*, because (1) Tomlin presented his constitutional claims of Ex Post Facto Clause and fair warning principle violations in his motion to supplement his § 2254 petition and his § 2254 reply brief; (2) the judge did not rule on Tomlin's motion to supplement; and (3) the judge consequently did not address the merits of these claims in denying Tomlin's § 2254 petition.  *See id.* at 936, 938.  In addition, the district judge did not address whether these claims were exhausted or procedurally barred.  Therefore, we vacate the denial of Tomlin's § 2254 petition without prejudice and remand with instructions for the district judge to (1) determine whether the ex post facto issues raised in Tomlin's § 2254 reply brief were properly before the judge; (2) if so, decide those issues; (3) issue a decision on Tomlin's motion to supplement his § 2254 petition; and (4) if the judge grants that motion, decide the ex post facto and

5

due process, fair warning claims raised in Tomlin's proposed supplement. *See id.* at 938.

**VACATED AND REMANDED.**