ED CARNES, Chief Judge,
concurring:
I fully concur in the well-reasoned majority opinion, and write separately only to make clear that this Court does not reach the two questions contained in the second issue that we asked the parties to brief. We stated those questions as follows:
Should Insignares v. Secretary, 755 F.3d 1273 (11th Cir. 2014), and Ferreira v. Sec’y, Dep’t of Corr., 494 F.3d 1286 (11th Cir. 2007), be overruled insofar as either of them [1] allows a non-detrimental change in a prisoner’s sentence to constitute a new judgment under Mag-wood, or [2] allows a prisoner who obtains a non-detrimental change in his sentence to also challenge his original, undisturbed conviction as though the conviction had occurred at the date of the change in the sentence?
Regardless of the first question, we know from the Magwood opinion itself that the second question was not decided in that case because the Supreme Court’s opinion tells us it was not. The Court expressly stated: “This case gives us no occasion to address” whether its reasoning “would allow a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting, new sentence, but also his original, undisturbed conviction.” Magwood v. Patterson, 561 U.S. 320, 342, 130 S.Ct. 2788, 2802, 177 L.Ed.2d 592 (2010). In his second or successive application, Magwood had not attempted to challenge his undisturbed conviction, only his new sentence. Id. The Supreme Court did note that “[s]everal Courts of Appeals have held that a petitioner who succeeds on a first habeas application and is resentenced may challenge only the portion of a judgment *1329 that arose as a result of a previous successful action.” Id. at 342 n.16, 130 S.Ct. at 2802 n.16 (quotation marks omitted) (citing decisions of the Second, Sixth, and Seventh Circuits).
Because Patterson’s second or successive habeas application does challenge his conviction, this case might have presented the undisturbed conviction/new sentence issue that Magwood reserved, allowing us to decide whether to overrule our Insig-nares and Ferreira decisions. It does not, however, because there was no new judgment in this case. As a result, that issue is one for another day.