[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11384
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-00523-VMC-EAJ

DANIEL A. ROCHA,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 22, 2017)

Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Daniel Rocha, a Florida state prisoner proceeding pro se,[1] appeals the dismissal of his 28 U.S.C. § 2254 petition as second or successive.  Reversible error has been shown; we vacate the judgment and remand for further proceedings.

In 1999, Rocha was convicted of first-degree murder (Count I) and of conspiracy to commit aggravated battery (Count II).  Rocha was sentenced to life imprisonment for Count I and to 13.3 years' imprisonment for Count II, to run consecutively.  Rocha's convictions were affirmed by the state court on direct appeal.

In 2012, Rocha filed his first 28 U.S.C § 2254 petition, which the district court dismissed as untimely under AEDPA.  This Court denied Rocha a certificate of appealability.

Meanwhile, Rocha continued to seek collateral relief through the Florida state courts.  In November 2014, the state court granted Rocha's motion to correct an illegal sentence, filed pursuant to Fla. R. Crim. P. 3.800(a), and vacated Rocha's 13.3-year sentence on Count II.  Then, in July 2015, the state court held a resentencing hearing and resentenced Rocha to 13.4 months' imprisonment on Count II.

---

[1] In his reply brief on appeal, Rocha requests appointment of counsel.  Rocha's request is DENIED.

2

In March 2016, Rocha filed the pro se section 2254 petition at issue in this appeal.  In pertinent part, Rocha contended that his petition was timely filed -- and not second or successive -- because his July 2015 resentencing constituted a new judgment for purposes of AEDPA.  In support of his position, Rocha relied on our decision in Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273 (11th Cir. 2014).  The district court summarily dismissed Rocha's petition without prejudice as second or successive.  This appeal followed.

We review de novo whether a petition for a writ of habeas corpus is second or successive.  Stewart v. United States, 646 F.3d 856, 858 (11th Cir. 2011).

Section 2254 permits a prisoner "in custody pursuant to the judgment of a State court" to challenge his conviction and sentence "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A state prisoner who wishes to file a second or successive application for a writ of habeas corpus must first move the court of appeals for an order authorizing the district court to consider such a petition.  See 28 U.S.C. § 2244(b)(3)(A).  Where the prisoner fails to seek or to obtain such authorization, the district court lacks jurisdiction to consider the merits of the petition.  Burton v. Stewart, 127 S. Ct. 793, 799 (2007).

The Supreme Court has explained, however, that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged."

3

Magwood v. Patterson, 130 S. Ct. 2788, 2797 (2010).  Thus, where there exists an intervening judgment between the filing of two habeas petitions, the "application challenging the resulting new judgment is not 'second or successive' at all."  Id. at 2802.  "[T]he existence of a new judgment is dispositive."  Id. at 2800.  Moreover, "when a habeas petition is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction."  Insignares, 755 F.3d at 1281.

Here -- as in Insignares -- the state court entered a new intervening judgment resentencing Rocha in 2015.  Because Rocha's March 2016 section 2254 petition is the first petition to challenge this new judgment, Rocha's petition is not "second or successive."  See id.

Florida agrees that -- to the extent Rocha challenges his conviction and sentence for Count II -- Rocha's section 2254 petition is not second or successive.  Florida contends, however, that because Rocha's conviction and sentence for Count I remain undisturbed, Rocha's petition is second or successive to the extent it challenges his Count I conviction or sentence.  We disagree.

In Magwood, the Supreme Court rejected a similar approach where -- for purposes of determining whether a habeas petition was "second or successive" -- a single habeas petition would be bifurcated into two petitions: one comprised of claims that "challenge[d] the new, amended component of the sentence," and one

4

comprised of claims that "challenge[d] any component of the original sentence that was not amended." See Magwood, 130 S. Ct. at 2795.  The Supreme Court "explained that the phrase 'second or successive' applies to an application as a whole and rejected the argument that there are 'second or successive' claims under § 2244(b)." Insignares, 755 F.3d at 1279 (quotations omitted) (citing Magwood, 130 S. Ct. at 2798 & n.10).

Because Rocha's March 2016 section 2254 petition is the first petition in which he challenges his new 2015 judgment, the application "as a whole" is not second or successive.  The petition, thus, is not subject to dismissal under section 2244(b).  Accordingly, we vacate the judgment and remand for further proceedings.[2]

VACATED AND REMANDED.

---

[2] At this stage in the proceedings, we make no determination about whether the individual claims raised in Rocha's section 2254 petition may be subject to dismissal on other grounds. Cf. Magwood, 130 S. Ct. at 2802 ("procedural-default rules continue to constrain review of claims in all applications, whether the applications are 'second or successive' or not."); Insignares, 755 F.3d at 1281 n.9 (although a habeas petition is not "second or successive," the claims raised in the petition are still subject to other limitations under AEDPA, including procedural default rules and the law-of-the-case doctrine).