Bauer, Circuit Judge, dissenting.
 

 I believe an ordinary reading of the language found in § 4(a)(2) of the Age Discrimination in Employment Act of 1967 (ADEA),
 
 29 U.S.C. § 623
 
 (a), affirms the district court's findings. This Court's reversal is an erroneous form of statutory interpretation that requires writing in words that Congress chose not to include.
 
 See
 

 Puerto Rico v. Franklin Cali. Tax-Free Trust
 
 , --- U.S. ----,
 
 136 S.Ct. 1938
 
 , 1949,
 
 195 L.Ed.2d 298
 
 (2016) ("[O]ur constitutional structure does not permit this Court to rewrite the statute that Congress has enacted.") (internal quotation marks omitted). While the judicial branch is afforded the duty of determining the constitutionality
 of statutes enacted by Congress, we are not afforded the right to pencil in words Congress does not itself include.
 
 See
 

 Henson v. Santander Consumer USA Inc.
 
 , --- U.S. ----,
 
 137 S.Ct. 1718
 
 , 1725,
 
 198 L.Ed.2d 177
 
 (2017) ("[W]hile it is of course our job to apply faithfully the law Congress has written, it is never our job to rewrite a constitutionally valid statutory text under the banner of speculation about what Congress might have done had it faced a question that, on everyone's account, it never faced.");
 
 see also
 

 Magwood v. Patterson
 
 ,
 
 561 U.S. 320
 
 , 334,
 
 130 S.Ct. 2788
 
 ,
 
 177 L.Ed.2d 592
 
 (2010).
 

 "Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose."
 
 Gross v. FBL Fin. Servs., Inc.
 
 ,
 
 557 U.S. 167
 
 , 175,
 
 129 S.Ct. 2343
 
 ,
 
 174 L.Ed.2d 119
 
 (2009) (internal quotation marks omitted). It is important to keep in mind that "Congress generally acts intentionally when it uses particular language in one section of a statute but omits it in another."
 
 Dep't of Homeland Sec. v. MacLean
 
 , --- U.S. ----,
 
 135 S.Ct. 913
 
 , 919,
 
 190 L.Ed.2d 771
 
 (2015). Throughout the ADEA, Congress specifically used "employees" in some instances and "applicants for employment" in others. For example, § 4(c)(2), which prohibits labor organizations from acting, tracks the language from § 4(a)(2), but adds "applicants for employment." Similarly, § 4(d), which provides retaliation protections, also extends this protection to "applicants for employment." As the majority opinion admits, § 4(a)(2) does not reference, in any way, "applicants for employment," "prospective employees," "job seekers," or any other terms that would allow us to conclude that Congress intended to cover prospective employees under the disparate impact provision. Conversely, § 4(a)(1) specifically states, "to fail or refuse to hire" due to one's age, thus explicitly implicating job applicants. Given Congress' omission of "applicants for employment" in § 4(a)(2), yet unquestionable inclusion of job applicants in several other places throughout the ADEA, including the section directly preceding § 4(a)(2), I must conclude that Congress intentionally excluded "applicants for employment" in § 4(a)(2) of the ADEA. Accordingly, I respectfully dissent.