[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12127
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-00252-WHA-CSC


FREDDIE B. WALKER,

                                        Petitioner - Appellant,

versus

WARDEN,
ATTORNEY GENERAL, STATE OF ALABAMA,

                                        Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(February 12, 2020)

Before ED CARNES, Chief Judge, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Freddie Walker, an Alabama inmate proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as successive. Walker argues that his petition is not successive because he was deprived of a direct appeal by a threat that he would be sentenced to life imprisonment without the possibility of parole if he appealed. We affirm.

We review de novo a district court's dismissal of a § 2254 petition as successive. Bowles v. Sec'y, Fla. Dep't of Corr., 935 F.3d 1176, 1180 (11th Cir. 2019). Before a petitioner may file a second or successive habeas petition, he must obtain authorization from the court of appeals. 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacks jurisdiction to consider a second or successive habeas petition. Lambrix v. Sec'y, Dep't of Corr., 872 F.3d 1170, 1180 (11th Cir. 2017).

The term "second or successive" does not necessarily include "all habeas applications filed second or successively in time." Stewart v. United States, 646 F.3d 856, 859 (11th Cir. 2011). It does not bar a challenge to a different judgment than was challenged in the first § 2254 petition. See Magwood v. Patterson, 561 U.S. 320, 332–34 (2010). It does, however, bar "successive motions raising habeas claims that could have been raised in earlier motions where there was no legitimate excuse for failure to do so." Stewart, 646 F.3d at 859.

In 2012 Walker filed his first § 2254 petition, which challenged the same convictions he challenges in this petition.  That petition was dismissed with prejudice as barred by the statute of limitations.  The claims Walker asserts in his petition could have been raised in his 2012 petition, and he gives no legitimate excuse for failing to do so.  Walker's current § 2254 petition is therefore second or successive within the meaning of § 2244(b)(3)(A), and the district court properly dismissed it.

**AFFIRMED.**