# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2321

_____

William Randall Collins

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: September 16, 2020
Filed: September 21, 2020
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

William Collins appeals the district court's dismissal of his 28 U.S.C. § 2255 motion. In December 2010, Collins was sentenced to a total of 319 months in prison pursuant to his guilty plea to bank robbery and firearm offenses. In June 2016, through counsel, Collins filed a first section 2255 motion challenging his sentence. After the motion was granted in part, Collins waived his right to a resentencing

hearing, and the parties jointly recommended that the court enter an amended judgment reflecting an aggregate 209-month sentence. The sentencing court adopted the stipulation and entered an amended judgment.

Collins then filed the pro se section 2255 motion at issue in this appeal, asserting claims concerning both his attorney in the original criminal proceedings and his attorney for the first section 2255 proceeding, who Collins claimed failed to honor his request to file a notice of appeal (NOA) from the amended judgment. The government moved to dismiss the motion, contending it was barred by the statute of limitations. Without holding a hearing, the district court dismissed the motion, concluding that it was an unauthorized successive motion. We granted a certificate of appealability (COA) on Collins's claim that counsel was ineffective for failing to appeal the amended judgment, but denied a COA on all other issues.

If there is a new sentencing judgment between two habeas petitions, a subsequent habeas application challenging the new judgment is not successive. See Magwood v. Patterson, 561 U.S. 320, 341-42 (2010). The government has taken the position in this court that Collins raised a claim concerning the amended judgment, that his motion was timely with respect to the claim, and that the motion was not successive. Accordingly, we vacate the district court's judgment only as to Collins's claim that his attorney failed to honor his request to file a NOA from the amended judgment and remand the case for further proceedings on the merits of that claim. See Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992) (failure of counsel to file NOA as instructed constitutes ineffective assistance of counsel; if record is inconclusive regarding whether defendant instructed counsel to appeal, appellate court must remand for hearing).

_____