**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-6341**

LESTER B. LYNCH,

Petitioner - Appellant,

v.

BETH CABELL,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, Senior District Judge.  (1:21-cv-00221-AJT-IDD)

Submitted:  November 17, 2022                    Decided:  December 7, 2022

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Lester B. Lynch, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lester Lynch seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 petition. A state prisoner who wishes to file a second or successive § 2254 petition must file a motion with the court of appeals requesting an order authorizing the district court to consider such a petition. *See* 28 U.S.C. § 2244(b)(3)(A). If a petitioner does not receive authorization to file a second or successive petition, the district court must dismiss it for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007); *see also Magwood v. Patterson*, 561 U.S. 320, 338-39 (2010) (noting that a district court should dismiss without prejudice, not deny on the merits, an unauthorized second or successive application challenging the movant's sentence).

Lynch previously filed a § 2254 petition, which was addressed on the merits. *Lynch v. Watson*, No. 1:08-cv-00929-JCC-JFA (E.D. Va. Sept. 10, 2009); *see Harvey v. Horan*, 278 F.3d 370, 380 (4th Cir. 2002) (stating that "a dismissal for procedural default is a dismissal on the merits"), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521 (2011). And, although he sought authorization from this court to file a second or successive petition in the district court, we denied authorization. *In re Lynch*, No. 21-117 (4th Cir. Mar. 12, 2021) (unpublished order). Because Lynch had not received authorization to file a second or successive petition, the district court lacked jurisdiction to rule on Lynch's petition. *See Burton*, 549 U.S. at 153. We therefore vacate the district court's order dismissing Lynch's petition and remand with instructions for the district court to dismiss the petition for want of jurisdiction. Lynch's motion for appointment of counsel is denied. We dispense with oral argument because the facts and legal contentions are

2

adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*