NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3235
_____

UNITED STATES OF AMERICA

v.

SANTIAGO SALINAS-CORTEZ,

Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 2-06-cr-00115-003)
District Judge: Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit LAR 34.1(a)
July 8, 2013
_____

Before: GREENAWAY, JR., SLOVITER, and BARRY, *Circuit Judges*.

(Opinion Filed: July 19, 2013)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Santiago Salinas-Cortez ("Salinas-Cortez") appeals the District Court's judgment sentencing him to 144 months' imprisonment and five years of supervised release. His counsel filed a brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that no nonfrivolous issues exist for appeal and seeking to withdraw as counsel. For the reasons below, we will grant counsel's motion to withdraw and affirm the judgment of the District Court.

## I.  Background

We write primarily for the benefit of the parties and recount only the facts essential to our discussion. In February 2006, Salinas-Cortez and three co-defendants were arrested in connection with a large-scale cocaine conspiracy. In short order, Salinas-Cortez pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and possession of five kilograms or more of cocaine with intent to distribute. The District Court sentenced Salinas-Cortez to 156 months' imprisonment, five years of supervised release, a fine of $500, and a special assessment of $200.

Salinas-Cortez appealed on the ground that the District Court failed to consider his argument that he should receive a two-level reduction for minor role pursuant to U.S.S.G. § 3B1.2. This Court affirmed the conviction, but vacated the sentence and remanded for the District Court to consider whether Salinas-Cortez was a "minor" participant. At the resentencing hearing, the District Court rejected Salinas-Cortez's request for a reduction for minor role and also rejected defense counsel's argument that the court should consider Salinas-Cortez's post-sentencing rehabilitation. The District Court reimposed

2

the original terms of the sentence and Salinas-Cortez again appealed.

This Court vacated Salinas-Cortez's sentence again. We directed the District Court to consider whether Salinas-Cortez's post-sentencing rehabilitation supports a downward variance, based on the Supreme Court's holding in *Pepper v. United States*, 131 S. Ct. 1229 (2011), which was decided one week after Salinas-Cortez had been resentenced. At the second resentencing hearing, the District Court considered Salinas-Cortez's post-sentencing rehabilitation, and reduced his sentence from 156 months to 144 months' imprisonment. The District Court reimposed the five years of supervised release, the $500 fine, and $200 special assessment. Salinas-Cortez now appeals yet again.

## II.  Jurisdiction

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## III.  Standard of Review

"In *Anders v. California*, the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal." *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000) (citation omitted). The attorney must always "support his client's appeal to the best of his ability." *Anders*, 386 U.S. at 744. If, however, "counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.*

3

To withdraw, counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous." *Marvin*, 211 F.3d at 780. Hence, this Court's inquiry when considering a lawyer's *Anders* brief is two-fold; we must determine: "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). In accordance with 3d Cir. L.A.R. Rule 109.2, if an appeal is judged to be wholly frivolous, this Court must "grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* (quoting 3d Cir. L.A.R. Rule 109.2(a) (internal quotation marks omitted)).

## IV. Analysis

Counsel thoroughly reviewed the record and identified three possible issues for appeal, none of which is nonfrivolous.[1] First, counsel proffers that Salinas-Cortez might challenge the procedural reasonableness of the second sentencing rehearing. Second, counsel suggests that Salinas-Cortez may dispute the substantive reasonableness of the sentence. Finally, counsel points out that Salinas-Cortez might make a claim based on ineffective assistance of counsel.[2] Our review of the record discloses no other possible issues for appeal.

---

[1] The government agrees with counsel that no nonfrivolous issues exist and Salinas-Cortez has not filed a pro se brief.

[2] Salinas-Cortez made oral representations to appellate counsel indicating that he wished to bring an ineffective assistance of counsel claim against his sentencing counsel. Since appellate counsel and sentencing counsel are both employed by the Federal Community

4

## A. Procedural Reasonableness of the Sentence

This Court reviews the procedural reasonableness of a sentencing court under an abuse of discretion standard. *United States v. Wise*, 515 F.3d 207 (3d Cir. 2008). In order to be procedurally reasonable, a sentencing court must follow a three-step process set forth in *Gall v. United States*, 552 U.S. 38 (2007). *United States v. Wright*, 642 F.3d 148, 152 (3d Cir. 2011). First, the court must begin by correctly determining the applicable guideline range. Second, the court must determine whether to adjust the guidelines range. Third, the court must consider all the factors set forth in 18 U.S.C. § 3553(a) as a whole, including whether a variance— a sentence outside the applicable guideline range— is warranted.

The District Court conformed to the relevant provisions of Federal Rule of Criminal Procedure 32(i) and 18 U.S.C. § 3553(c) and followed the *Gall* three-step process. The second sentencing rehearing focused on step three of the *Gall* three-step process since the case was remanded for the sole purpose of considering Salinas-Cortez's post-sentencing rehabilitation as grounds for a downward variance. On the narrow issue of Salinas-Cortez's post-sentencing rehabilitation, the District Court considered an updated summary from the probation department, and educational transcripts and progress reports from incarceration facilities.

---

Defender Office for the Eastern District of Pennsylvania, appellate counsel foresaw a conflict of interest and sought to withdraw. On January 4, 2013, this Court denied appellate counsel's motion to withdraw, noting that ineffective assistance of counsel claims are generally not reviewable on direct appeal.

Based upon evidence of Salinas-Cortez's post-sentencing rehabilitation, the District Court granted a downward variance, reducing Salinas-Cortez's sentence from 156 months to 144 months' imprisonment. The District Court considered objections and arguments of counsel and afforded Salinas-Cortez the opportunity to allocute. The District Court stated its reasons for the particular sentence imposed and informed Salinas-Cortez of his appellate rights. In light of this evidence and the narrow scope under which the case was remanded, we find that the District Court committed no appealable procedural errors. Therefore, appeal of the procedural reasonableness of Salinas-Cortez's sentence presents no nonfrivolous issues.

### B. Substantive Reasonableness of the Sentence

This Court also reviews the substantive reasonableness of a sentencing court under an abuse of discretion standard. *United States v. Young*, 634 F.3d 233, 237 (3d Cir. 2011) (quoting *United States v. Doe*, 617 F.3d 766, 769 (3d Cir. 2010)). In reviewing the substantive reasonableness of a sentence, we look to "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors." *Id.*

In this case, the correct procedure was employed and a reasonable conclusion reached given the evidence presented. *See Young*, 634 F.3d at 237 ("Absent procedural error, we will affirm the sentencing court 'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" (quoting *Doe*, 617 F.3d at 770 )). Given that the sentence of 144 months' imprisonment falls below the Sentencing Guidelines Range of 151 to 188

months' imprisonment, a challenge to the length of the imprisonment would fail under this deferential standard.

A challenge to the imposition of five years' supervised release would also fail. The term of five years' supervision is mandatory. 21 U.S.C. § 841(b)(1). The conditions of supervised release were also reasonable. A sentencing court is given wide discretion in imposing a term of supervised release. Nonetheless, that discretion is limited by the parameters set forth in 18 U.S.C. § 3583. The terms and conditions of supervised release must be reasonable and related to the instant offense or to something in the defendant's history. *See* 18 U.S.C. § 3583(a) and (d); *see also United States v. Miller*, 594 F.3d 172, 183 (3d Cir. 2010). In this case, the terms and conditions of the supervised release easily satisfy this test and are sufficiently tailored to Salinas-Cortez's offense and history.

Finally, a challenge to the imposition of the financial assessments would fail. The District Court reimposed the fine and special assessment but indicated in the judgment and commitment that Salinas-Cortez had already satisfied those obligations. The statutory maximum for each of Salinas-Cortez's offenses is $4,000,000, for a total of $8,000,000. Salinas-Cortez was fined $500. The special assessment fee of $100 per count is mandated by statute. 18 U.S.C. § 3013(a)(2)(A). As a result, arguments regarding the substantive reasonableness of the financial components of the sentence present no nonfrivolous issues.

### C. Ineffective Assistance of Counsel

As a general rule, ineffective assistance of counsel claims cannot be brought on direct appeal. *United States v. Thornton*, 327 F.3d 268 (3d Cir. 2003). Rather, such

claims are normally raised as part of a habeas petition. Since Salinas-Cortez has already filed one petition pursuant to § 2255, counsel expressed concern that Salinas-Cortez may be barred from filing a second or successive petition, therefore preventing him from bringing an ineffective assistance of counsel claim. In fact, notwithstanding the bar on second or successive habeas petitions, an inmate may file a § 2255 petition after a new judgment is entered after a resentencing. *Magwood v. Patterson*, 130 S.Ct. 2788 (2010) (holding that habeas petitioner's fair-warning claim could be raised in the habeas petition challenging his death sentence that was imposed following a new sentencing hearing). If he so chooses, Salinas-Cortez may still raise an ineffective assistance of counsel claim in a habeas petition. Since an ineffective assistance of counsel claim is generally not reviewable on direct appeal, this argument, as Salinas-Cortez seeks to assert, presents no nonfrivolous issues.

## V.  Conclusion

We find that no nonfrivolous issues exist for consideration on appeal. We will grant counsel's request to withdraw, pursuant to *Anders*, and affirm the judgment of the District Court. Counsel is also relieved of any obligation to file a petition for a writ of certiorari in the Supreme Court. *See* 3d Cir. L.A.R. 109.2(b).