### Jon Leslie CHAPMAN, Petitioner–Appellant,

v.

### Robert O. LAMPERT, Wyoming Department of Corrections Director; Steve Hargett, Wyoming Department of Corrections Warden; Peter K. Michael, Wyoming Attorney General, Respondents–Appellees.

### No. 15–8052.

United States Court of Appeals, Tenth Circuit.

Oct. 16, 2015.

Jon Leslie Chapman, Torrington, WY, pro se.

John A. Brodie, Office of the Attorney General for the State of Wyoming, Cheyenne, WY, for Respondent–Appellee.

Before GORSUCH, O'BRIEN, and BACHARACH, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY *

NEIL M. GORSUCH, Circuit Judge.

After Jon Chapman pleaded guilty in Wyoming state court to attempted murder in the second degree, he sought to undo his plea. Among other things, he claimed that he received ineffective assistance of counsel in connection with his plea negotiations and that, as a result, his plea was not voluntary. The state trial court did not agree. It denied Mr. Chapman's motion to withdraw his guilty plea and later denied his petition for post-conviction relief—and in both cases the Wyoming Supreme Court affirmed. Unsuccessful in his efforts to win relief in state court, Mr. Chapman turned to federal court, filing an application for a writ of habeas corpus under 28 U.S.C. § 2254. In two exhaustive orders, one covering fifteen pages and another spanning eighteen pages, the district court also denied relief. Mr. Chapman now seeks a certificate of appealability (COA) to challenge the district court's disposition in this court.

Initially this court had some questions about the timeliness of Mr. Chapman's COA application. But in response to a show cause order, Mr. Chapman has convinced us that his application is indeed timely. He has submitted a notarized affidavit attesting that the correctional institu-

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

tion in which he is housed doesn't have a legal mailbox, that he placed his application in the ordinary prison mailbox within 30 days of the district court's judgment, and that postage was prepaid. That is all the law requires. *See* Fed. R.App. P. 4(a)(1), (c)(1); *Price v. Philpot,* 420 F.3d 1158, 1163–66 (10th Cir.2005).

We turn then from questions of timing to issues of substance. This court may issue a COA only if the petitioner first makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Meaning he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller–El v. Cockrell,* 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (internal quotation mark omitted).

We are able to discern nothing debatable about the district court's thorough assessment of Mr. Chapman's arguments. As that court explained, the proper disposition of Mr. Chapman's exhausted ineffective assistance and voluntariness claims turns on an assessment of credibility— whether his account of the events surrounding the negotiation and entry of his guilty plea are worthy of belief. The district court noted that the state court expressly and repeatedly found Mr. Chap-

man's version of events not credible and gave extensive reasons for its findings. The district court further explained that, in light of 28 U.S.C. §§ 2254(d) and (e), Mr. Chapman bore a very heavy burden in attempting to overcome these findings, a burden he failed to carry. *See Burt v. Titlow,* —— U.S. ——, 134 S.Ct. 10, 13, 187 L.Ed.2d 348 (2013); *Wood v. Allen,* 558 U.S. 290, 301, 130 S.Ct. 841, 175 L.Ed.2d 738 (2010). Now before this court, Mr. Chapman repeats his version of events, but he doesn't address the state court's contrary factual findings, acknowledge the district court's analysis about the deference due them under federal law, or explain how he might show the state court's findings to be reversibly wrong in light of the deference we (like the district court) owe them. Neither can we on our own discern any potential error in the district court's analysis that might warrant further exploration. Accordingly and for the reasons outlined by the district court, the request for a COA is denied and this appeal is dismissed.