FILED
United States Court of Appeals
Tenth Circuit

May 11, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JON LESLIE CHAPMAN,

     Petitioner - Appellant,

v.

ROBERT O. LAMPERT, Wyoming
Department of Corrections Director;
STEVE HARGETT, Wyoming
Department of Corrections Warden;
PETER K. MICHAEL, Wyoming
Attorney General,

     Respondents - Appellees.

No. 16-8004
(D.C. No. 2:15-CV-00157-NDF)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HOLMES**, **EBEL**, and **BACHARACH**, Circuit Judges.

Jon Leslie Chapman, proceeding pro se, seeks a certificate of appealability

(COA) to challenge the district court's determination that his most recent 28 U.S.C.

§ 2254 application is an unauthorized second or successive § 2254 application, over

which the district court lacks jurisdiction. *See* 28 U.S.C. § 2253(c)(1)(A). We deny

a COA and dismiss this matter.

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1

After he pled guilty to attempted second degree murder in Wyoming state court, Mr. Chapman was sentenced to 25-to-50 years in prison. Over the past six years, he has repeatedly challenged his plea, conviction, and sentence in both state and federal courts. Most recently, he filed a petition under 28 U.S.C. § 2254 that asserts two claims: (1) his due process rights were violated because the district court failed to properly advise him that entering a guilty plea would affect his right to have a firearm; and (2) his appellate counsel was ineffective for failing to raise this claim as part of his direct appeal to the Wyoming Supreme Court.

This is not Mr. Chapman's first habeas petition: he previously sought relief under § 2254 and was unsuccessful. *See Chapman v. Lampert*, 616 F. App'x 889 (10th Cir. 2015). And he did not obtain this court's authorization to file a second or successive petition, as required by 28 U.S.C. § 2244(b)(3). Accordingly, the district court determined that it lacked jurisdiction over the petition and dismissed it, after concluding that a transfer to this court would not be in the interest of justice. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Because his habeas petition was dismissed on procedural grounds, Mr. Chapman can obtain a COA only if he shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We

bypass the constitutional question because we can readily dispose of this case based on the procedural one. *See id.*

Even reviewing Mr. Chapman's application with the liberality due pro se applicants, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), there is nothing debatable about the district court's procedural ruling. "A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until this court has granted the required authorization." *Cline*, 531 F.3d at 1251. Mr. Chapman has not sought, and this court has not granted, the required authorization.

We deny a COA and dismiss this matter.

Entered for the Court
Per Curiam