**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JON LESLIE CHAPMAN,

     Petitioner - Appellant,

v.

MICHAEL PACHECO, Wyoming
Department of Corrections Warden;
PETER K. MICHAEL, Wyoming Attorney
General; ROBERT O. LAMPERT,
Wyoming Department of Corrections
Director,

     Respondents - Appellees.

No. 17-8043
(D.C. No. 2:17-CV-00075-NDF)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **MATHESON**, Circuit Judges.
_____

     Jon Leslie Chapman, a Wyoming prisoner proceeding pro se, seeks a certificate of

appealability (COA) to challenge the district court's determination that his 28 U.S.C.

§ 2254 habeas application is an unauthorized second or successive application, over

which the district court lacks jurisdiction. We deny a COA and dismiss this matter.

     Chapman pled guilty to attempted second degree murder in Wyoming state court,

and on February 10, 2010, the court entered judgment and sentenced him to 25 to 50

---

* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

years' imprisonment. Several days after pleading guilty, Chapman filed a motion to withdraw his plea. In mid-March, 2010, while his motion to withdraw the plea was pending, Chapman filed a notice of appeal with the state court. The district court eventually denied Chapman's motion to withdraw his plea, and the Wyoming Supreme Court affirmed on appeal. *See Chapman v. State*, 300 P.3d 864, 866, 879 (Wyo. 2013). Since then, Chapman has repeatedly and unsuccessfully challenged his plea, conviction, and sentence in both state and federal court.

Chapman's first habeas petition was unsuccessful. *See Chapman v. Lampert*, 616 F. App'x 889 (10th Cir. 2015). Chapman's second petition was dismissed by the district court for lack of jurisdiction because he had not obtained authorization from this court to file it. We denied Chapman a COA and dismissed the matter. *See Chapman v. Lampert*, 646 F. App'x 661 (10th Cir. 2016). Undeterred, Chapman filed a third § 2254 petition, which was again dismissed for lack of jurisdiction because it was another unauthorized second or successive petition. Chapman did not seek to appeal that order; instead he filed his fourth § 2254 petition.

The district court concluded that the petition was an unauthorized second or successive § 2254 application over which it lacked jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization."); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [§ 2254] application . . . is filed in the district court, the applicant shall move

2

in the appropriate court of appeals for an order authorizing the district court to consider the application."). Chapman now seeks to appeal.

To appeal, Chapman must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). Where, as here, a district court has dismissed a filing on procedural grounds, for a COA the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We bypass the constitutional question because we can easily dispose of this matter based on the procedural one. *See id.*

To avoid the bar to successive petitions, Chapman argues that he is not attacking the conviction or sentence that underlay the appeal concerning the withdrawal of his guilty plea; instead, he wants to reinstate and prosecute the appeal that was filed in March 2010. But the 2010 appeal that Chapman seeks to reinstate is from the same conviction and sentence—not a new state court judgment. So whether by way of a new direct appeal or otherwise, Chapman is seeking to attack the same judgment and sentence that was originally imposed upon him and which he has previously challenged unsuccessfully by way of his previous § 2254 petitions. *Cf. Magwood v. Patterson*, 561 U.S. 320, 323-24 (2010) (a § 2254 application challenging a new sentence imposed after an earlier, successful § 2254 petition, was directed at a new judgment and therefore not second or successive).

Considering Chapman's pro se application liberally, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), there is nothing debatable about the district court's

3

procedural ruling that Chapman seeks to attack the same judgment and sentence.
Therefore, he must obtain authorization from this court to file his § 2254 application.
Because he did not obtain such authorization, the district court lacked jurisdiction to
consider the application. *See Cline*, 531 F.3d at 1251.

Chapman's motion for leave to proceed on appeal without prepayment of costs or
fees is granted. But only prepayment of fees is waived, not the fees themselves.
28 U.S.C. § 1915(a)(1), (b). A COA is denied and this matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

4