FILED
United States Court of Appeals
Tenth Circuit

January 8, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHN LESLIE CHAPMAN,

     Petitioner - Appellant,

v.

ROBERT O. LAMPERT, Wyoming
Department of Corrections Director;
STEVE HARGETT, Wyoming Department
of Corrections Warden; PETER K.
MICHAEL, Wyoming Attorney General,

     Respondents - Appellees.

No. 18-8065
(D.C. No. 2:14-CV-00250-NDF)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **BRISCOE**, **LUCERO**, and **MORITZ**, Circuit Judges.
_____

John Chapman, a Wyoming state prisoner, filed a motion in the district court,

purportedly under Federal Rule of Civil Procedure 60(b). The district court construed the

motion as an unauthorized second or successive motion to vacate his sentence under

28 U.S.C. § 2254 and dismissed it for lack of jurisdiction. Appearing pro se,[1] Chapman

_____

    * This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Because Chapman appears pro se, we afford his filings a liberal construction, _see Garza v. Davis_, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but we do not craft arguments or otherwise advocate for him, _see Yang v. Archuleta_, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

seeks a certificate of appealability ("COA") to challenge the district court's ruling. He

also seeks leave to proceed in forma pauperis (IFP). Exercising jurisdiction under

28 U.S.C. § 1291, we grant Chapman's IFP motion, but we deny his COA request and

dismiss this proceeding.

## Background

Chapman pleaded guilty to attempted second degree murder in Wyoming state

court. After entering a judgment of conviction, the court sentenced Chapman to 25 to 50

years' imprisonment. Chapman later filed a motion to withdraw his plea claiming he

received ineffective assistance of counsel in connection with his plea negotiations and

that, as a result, his plea was not voluntary. The state district court denied the motion and

the Wyoming Supreme Court (WSC) affirmed on appeal. *See Chapman v. State*,

300 P.3d 864, 866, 879 (Wyo. 2013).

Since then, Chapman has repeatedly and unsuccessfully challenged his plea,

conviction, and sentence in both state and federal court. This is Chapman's sixth federal

habeas petition.[2] His five previous habeas petitions were all unsuccessful:

- In his first habeas petition, Chapman reiterated his exhausted ineffective assistance
  and voluntariness claims. The district court concluded that Chapman had failed to
  show that the WSC's rejection of his claims was contrary to, or involved an
  unreasonable application of, clearly established federal law or was based on an
  unreasonable determination of the facts in light of the record before the state court.
  *See* 28 U.S.C. § 2254(d). The court thus denied the petition and this court denied
  a COA and dismissed the appeal. *See Chapman v. Lampert*, 616 F. App'x 889
  (10th Cir. 2015).

- In his second petition, Chapman claimed that (1) the state court violated his due
  process rights by failing to advise him that his plea would affect his right to have a

---

[2] Chapman has also filed several civil rights suits and an original proceeding.

firearm, and (2) his appellate counsel was ineffective for failing to raise this claim in his direct appeal to the WSC. The district court dismissed the petition for lack of jurisdiction because Chapman had not obtained authorization from this court to file it. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization."); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [§ 2254] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). We denied Chapman a COA and dismissed the appeal. *See Chapman v. Lampert*, 646 F. App'x 661 (10th Cir. 2016) (per curiam).

- The district court also dismissed Chapman's third § 2254 petition for lack of jurisdiction because it was another unauthorized second or successive petition. Chapman did not seek to appeal that order.

- The district court dismissed Chapman's fourth § 2254 petition, again concluding that it was an unauthorized second or successive § 2254 application over which it lacked jurisdiction. We denied his request for a COA and dismissed the appeal. *See Chapman v. Pacheco*, 702 F. App'x 672 (10th Cir. 2017).

- Chapman's fifth habeas petition challenged the execution of his sentence pursuant to 28 U.S.C. § 2241. The district court denied the petition on the merits, and we denied a COA and dismissed his appeal. *See Chapman v. Lampert*, 711 F. App'x 455 (10th Cir. 2017).

Chapman then filed what he captioned as a Fed.R.Civ.P. 60(b) motion in the first habeas proceeding, seeking relief from the order denying the petition. He maintained that his motion did not allege error in his underlying conviction itself but instead alleged that that the WSC "fail[ed] to reach [the] merits of the case due to an unreasonable application of" federal law to his ineffective assistance of counsel claims, R., Vol. 3, at 6, and that those claims had thus not been adjudicated on the merits by a state court for habeas purposes, *id*. at 9. The district court construed the Rule 60(b) motion as a § 2254 habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530, 532 (2005) (explaining that

a 60(b) motion amounts to a second or successive petition for habeas relief if it either "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*," and that a "claim" is "an asserted federal basis for relief from a state court's judgment of conviction") (internal quotation marks omitted).  So construed, the court concluded that the motion was an unauthorized second or successive habeas petition, dismissed it for lack of jurisdiction, and denied Chapman's request for a COA.  Chapman now seeks to appeal that order.

## Discussion

To appeal the district court's dismissal of his petition, Chapman must first obtain a COA.  28 U.S.C. § 2253(c)(1)(A).  We will grant a COA only if Chapman makes "a substantial showing of the denial of a constitutional right."  *Id*. § 2253(c)(2).  To meet this standard, Chapman must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Rule 60(b) cannot be used to "circumvent[] AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts."  *Gonzalez*, 545 U.S. at 531.  "[A] 'true' 60(b) motion . . . either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding . . . ."  *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citation omitted).  Regardless of how a movant characterizes a motion, it is treated

4

as a habeas petition if it "asserts or reasserts a federal basis for relief" from the underlying conviction. *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (per curiam) (internal quotation marks omitted).

As an initial matter, we agree with the district court's finding that "Chapman is merely trying to reargue the [ineffective assistance of counsel] claim from his original § 2254" petition, R., Vol. 3, at 21-22, and its conclusion that his Rule 60(b) motion was a second or successive habeas petition. The substance of Chapman's motion did not challenge a procedural ruling that prevented the first habeas court from considering the merits of his claims, but instead sought "vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of" his claim. *See Spitznas*, 464 F.3d at 1215-16.

At base, the claims Chapman raised in his current habeas petition are the same ineffective assistance of counsel claims he raised in his first petition, though couched in procedural language and presented with a slightly different spin. We have reviewed Chapman's arguments, the appellate record, the WSC's decision, the district court's orders denying both the first habeas petition and the current petition, and the applicable law. Based on this review, we conclude that reasonable jurists could not debate that the district court was correct in treating Chapman's Rule 60(b) motion as an unauthorized second or successive § 2254 petition. Accordingly, we deny a COA and dismiss this

matter, but we grant Chapman's IFP motion and waive prepayment of fees.

*See* 28 U.S.C. § 1915(a)(1)).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk
