[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15490
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00132-JRH-BKE

GERSON AYALA ROMERO,

Petitioner-Appellant,

versus

BENJAMIN FORD,
ATTORNEY GENERAL, STATE OF GEORGIA,

Respondents-Appellees.
_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 23, 2018)

Before WILSON, JORDAN, and HULL, Circuit Judges.

PER CURIAM:

Gerson Ayala Romero, a pro se Georgia prisoner serving 20 years' imprisonment after pleading guilty to multiple offenses, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as second or successive. Romero argues (1) that he received ineffective assistance of counsel because his counsel did not prepare a defense and communicate with him. He argues that his counsel's performance caused him to enter a guilty plea and that he was prejudiced; (2) that his plea was not knowing, intelligent, and voluntary because his counsel did not provide him with an interpreter to understand the consequences of entering a guilty plea, and that his rights under *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709 (1969), were violated because he did not knowingly waive his rights against self-incrimination and to a jury trial; and (3) that the denial of an interpreter violated his due process rights because he did not understand the consequences of entering a guilty plea.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that, before a movant may file a second or successive § 2254 habeas petition, the petitioner first must obtain an order from this court authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent our authorization, "the district court lacks jurisdiction to consider a second or successive [§ 2254] petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam). The Supreme Court has held that the phrase "second or

successive" in § 2244(b) refers to a second or successive petition challenging the same state-court judgment. *Magwood v. Patterson*, 561 U.S. 320, 332–33, 130 S. Ct. 2788, 2797 (2010).

The district court did not err in determining that Romero's § 2254 petition was second or successive. Romero previously filed a § 2254 petition that was denied with prejudice as untimely in 2016; therefore, he was required to obtain our authorization in order to file a second or successive § 2254 petition. 28 U.S.C. § 2244(b)(3)(A). Because he did not have our authorization, the district court properly dismissed the petition for lack of jurisdiction.

**AFFIRMED.**