NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATHANIEL FLOWERS, | No. 21-71410 |
| Applicant, | |
| v. | MEMORANDUM[*] |
| CHRISTIAN PFEIFFER, Warden, | |
| Respondent. | |

Application to File a Second or Successive Petition
Under 28 U.S.C § 2254

Submitted July 19, 2023[**]
Pasadena, California

Before: NGUYEN and FORREST, Circuit Judges, and R. BENNETT,[***] District Judge.

Over fifteen years after a jury convicted him of two counts of attempted

murder based on gang-war drive-by shootings in January and February 2005,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Nathanial Flowers seeks federal habeas relief for the second time under 28 U.S.C. § 2244. Flowers's second or successive petition raises two proposed claims for relief: (1) actual innocence based on his brother James Fletcher's 2017 confession to being the shooter in the February 2005 incident; and (2) a claim under *Brady v. Maryland,* 373 U.S. 83 (1963) based on the Government's failure to disclose the 9-mm gun that Fletcher claims he used in the February 2005 shooting.

Even assuming that Flowers's freestanding actual innocence claim was viable, he cannot meet the minimum threshold for such a claim because, instead of "'affirmatively prov[ing] that he is probably innocent,'" his brother's confession serves only to "'demonstrat[e] doubt'" about Flowers's guilt—bolstering Flowers's theory of innocence that the jury rejected. *Gimenez v. Ochoa*, 821 F.3d 1136, 1145 (9th Cir. 2016) (quoting *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc)). And Flowers's *Brady* claim does not establish by "clear and convincing evidence" that "no reasonable factfinder" would have found him guilty of the crimes charged but for the suppression of the 9-mm gun because Flowers provides no support for his contention that the gun was used for the two shootings aside from Fletcher's declaration. 28 U.S.C. § 2244(b)(2)(B)(ii); *see also Brown v. Muniz*, 889 F.3d 661, 675 (9th Cir. 2018).

Flowers also cannot satisfy § 2244(b)(2)(B)(i)'s due diligence requirement. Based on testimony offered at his trial, Flowers had reason to suspect that Jesse

Green was involved in the February 2005 shooting. Thus, Flowers was on "inquiry notice to investigate further" Green's involvement in that incident. Such an investigation would have uncovered the July 2005 police report that established Fletcher's involvement in Greer Gang activity and indicated that Fletcher was present in Green's home when police uncovered the 9-mm gun allegedly used in the shootings. *See Solorio v. Muniz*, 896 F.3d 914, 921 (9th Cir. 2018) (as amended).

Because Flowers fails to satisfy § 2244(b)(2)(B)'s actual-innocence and due-diligence requirements, we deny his application to file a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010).

No further filings will be entertained in this case.

**APPLICATION DENIED.**