**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**January 30, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ROBERT LEE VERGE,

    Petitioner - Appellant,

v.

TOMMY WILLIAMS,

    Respondent - Appellee.

No. 23-3166
(D.C. No. 5:23-CV-03200-JWL)
(D. Kan.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **PHILLIPS**, **EID**, and **CARSON**, Circuit Judges.
_____

    Robert Lee Verge is confined in a Kansas prison for crimes committed in 1997. In 2006 he challenged his convictions in an unsuccessful 28 U.S.C. § 2254 habeas application. Earlier this year, he filed another § 2254 application. The district court concluded that the new application was an unauthorized second or successive one, and so it dismissed the application for lack of jurisdiction. Mr. Verge wishes to appeal the dismissal. But he can appeal only if we grant him a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). We deny his request for one.

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We may grant a certificate of appealability only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). A district court lacks jurisdiction over the merits of a second or successive § 2254 application unless the appropriate court of appeals has authorized the applicant to file it. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Mr. Verge does not claim to have received authorization to file the underlying § 2254 application, so the question becomes whether it was indeed second or successive.

Mr. Verge argues (under a liberal reading of his papers)[1] that the application was not second or successive because it is the first to challenge a new judgment. He relies on *Magwood v. Patterson*, a decision holding that a § 2254 application may not be considered second or successive if it is the first to challenge a particular judgment, even if it comes after another application challenging an earlier judgment in the same case, *see* 561 U.S. 320, 331–33 (2010). And he identifies a 2022 postconviction decision by the Kansas Supreme Court as the judgment challenged in the underlying application.

This argument misunderstands what § 2254 and *Magwood* mean when they refer to a *judgment*. They mean the judgment causing the habeas applicant's confinement, not merely any decision in the applicant's case. *See* § 2254(a), (b)(1); *Magwood*, 561 U.S. at 332. The judgment causing Mr. Verge's confinement is the Kansas district court's judgment from 2002. He has already challenged the 2002 judgment in a § 2254 application. Later state-court decisions leaving the 2002 judgment undisturbed—such as

---

[1] Mr. Verge represents himself, so we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the 2022 Kansas Supreme Court decision—do not amount to new judgments under *Magwood* that would allow Mr. Verge to file another § 2254 application without prior authorization from this court.

Mr. Verge's underlying § 2254 application was both unauthorized and second or successive. For that reason, the district court lacked jurisdiction to adjudicate the application. And so reasonable jurists could not debate the decision to dismiss it. We therefore deny Mr. Verge's application for a certificate of appealability. We grant his motion to proceed without prepaying costs or fees. We dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk