FILED
United States Court of Appeals
Tenth Circuit

October 3, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

STACEY D. BERRY,

    Petitioner - Appellant,

v.

DAVID LOUTHAN, Warden,

    Respondent - Appellee.

No. 24-5069
(D.C. No. 4:23-CV-00356-JFH-CDL)
(N.D. Okla.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **McHUGH**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Stacey D. Berry, an Oklahoma prisoner, seeks a certificate of appealability (COA)

to appeal the district court's order dismissing his 28 U.S.C. § 2254 habeas application.

We deny a COA and dismiss this matter.

### I.  BACKGROUND

In 2015, Mr. Berry pleaded guilty in Oklahoma state court to four counts of child

sexual abuse and one count of sexual battery.  He did not directly appeal his convictions.

In 2019, Mr. Berry filed his first federal habeas application under § 2254.  The

district court found the application was time-barred under 28 U.S.C. § 2244(d)(1) and

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissed it with prejudice. Mr. Berry did not appeal. When he filed a second § 2254 application a year later, the district court determined it was an unauthorized second or successive application and dismissed it for lack of jurisdiction.

In 2020, Mr. Berry applied for postconviction relief in state district court based on *McGirt v. Oklahoma*, 591 U.S. 894 (2020), arguing Oklahoma lacked jurisdiction to prosecute him.[1] In April 2021, the state district court issued a minute order finding, based on stipulated facts, that Mr. Berry is Indian and that he committed his crimes within the historic boundaries of the Cherokee Nation. And, finding that Oklahoma lacked jurisdiction to prosecute Mr. Berry, the court ordered that he be released from custody and the case be dismissed. The court immediately stayed execution of its order for thirty days, pending appeal by the State, and directed Mr. Berry's counsel to prepare a proposed order. The State did not file an appeal and Mr. Berry's counsel did not file a proposed order. In June 2021, the court granted the State's motion to continue the stay. Then, in August 2021, the Oklahoma Court of Criminal Appeals (OCCA) held in *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 689 (Okla. Crim. App. 2021), that *McGirt* does not apply retroactively to void convictions that were final when *McGirt* was decided. In light of *Matloff*, the state district court lifted the stay and denied postconviction relief in September 2021. Mr. Berry appealed, and the OCCA affirmed.

---

[1] In *McGirt*, the Supreme Court held that Congress had never disestablished the Creek reservation and that, under the federal Major Crimes Act, "[o]nly the federal government, not the State, may prosecute Indians for major crimes committed in Indian country." 591 U.S. at 913, 932.

Mr. Berry filed the § 2254 application at issue here in 2023. The district court dismissed it as an unauthorized second or successive application.

## II. DISCUSSION

To appeal the dismissal of his habeas application, Mr. Berry needs a COA. *See* 28 U.S.C. § 2253(c)(1)(A). We may grant a COA if he shows that reasonable jurists would find it debatable (1) whether his habeas application "states a valid claim of the denial of a constitutional right" and (2) whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's procedural ruling. *See id.* at 485.

A district court lacks jurisdiction over the merits of a second or successive § 2254 application unless the appropriate court of appeals has authorized the prisoner to file it. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam); *see* 28 U.S.C. § 2244(b)(3)(A) (requiring § 2254 habeas applicants to obtain prior circuit-court authorization before filing "a second or successive application" in district court). In general, a § 2254 application is "second or successive" if it challenges the same judgment that was challenged in an earlier § 2254 proceeding. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam) (concluding state prisoner's second habeas application was "second or successive" and required prior circuit-court authorization because it "contest[ed] the same custody imposed by the same judgment of a state court" as his first habeas application).

Mr. Berry argues he did not need prior authorization to file his most recent § 2254 application because it is not second or successive under *Magwood v. Patterson*, 561 U.S. 320 (2010). In *Magwood*, the Supreme Court held that "where . . . there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive." *Id.* at 341–42 (citation and internal quotation marks omitted). Mr. Berry attempts to rely on this rule, asserting the state district court's September 2021 order "was a new judgment" because it "vacated" the April 2021 order granting postconviction relief and "reinstated" the original judgment. Opening Br. at 8. But Mr. Berry's case does not fit under *Magwood*'s rule because the state district court did not enter a new judgment.[2]

The April 2021 minute order signaled the state district court's intent to grant postconviction relief. But the court stayed the matter and ultimately never granted postconviction relief. Moreover, contrary to Mr. Berry's assertion, the September 2021 order—lifting the stay and denying postconviction relief—left his original judgment undisturbed.

Thus, the district court correctly concluded that the § 2254 application at issue here is second or successive because it challenges the same custody imposed by the same state-court judgment that Mr. Berry contested in his first two § 2254 applications.

---

[2] Mr. Berry also argues the state district court lacked authority to continue the stay because the State failed to file an appeal, but he fails to adequately support this claim. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

And because Mr. Berry did not obtain this court's authorization to file his successive § 2254 application, reasonable jurists would not debate the district court's jurisdictional dismissal of that application.

Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk