NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1600
_____

ADRIN SMACK,
                    Appellant

v.

SUPERINTENDENT MAHANOY SCI; ATTORNEY GENERAL DELAWARE
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-19-cv-00691)
District Judge:  Honorable Gregory B. Williams
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 6, 2024

Before: PORTER, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*.

(Opinion filed: November 20, 2024)

_____

OPINION*
_____

MONTGOMERY-REEVES, *Circuit Judge*.

      Adrin Smack appeals the District Court's denial of an application for a writ of

habeas corpus under 28 U.S.C. § 2254.  Smack argues that the District Court erred in

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

holding that no clearly established federal law determined by the Supreme Court requires all disputed facts be proven by a preponderance of the evidence at a state sentencing hearing. Smack also argues that the Delaware sentencing court relied on materially false information in imposing his sentence. Because Smack fails to identify clearly established federal law governing the burden of proof for all disputed facts at his state sentencing hearing and because Smack fails to identify any materially false information relied on by the sentencing court, an application for writ of habeas corpus will not be granted. Thus, we will affirm.

## I.    BACKGROUND[1]

Around August 2014, the FBI began investigating a drug trafficking organization that it believed Smack co-led. Law enforcement eventually intercepted a phone call between Smack and a co-defendant during which the co-defendant told Smack that he was hiding something behind a radiator in the co-defendant's residence. When law enforcement searched the co-defendant's residence, they found a military style tactical vest; $16,108 cash; a loaded black Taurus .9-millimeter handgun; and 803 bundles of heroin.

Thereafter, a Delaware grand jury returned a 261-count indictment against multiple defendants, including Smack. Smack was charged with seventy-one counts of drug dealing, one count of giving a firearm to a person prohibited, one count of

---

[1] In presenting the relevant facts, both the District Court and Appellees rely significantly on Smack's opening brief on direct appeal to the Delaware Supreme Court. This Court does the same.

possession of marijuana, two counts of conspiracy second degree, and five counts of possession of a firearm by a person prohibited. Smack pleaded guilty to four counts of drug dealing, one count of conspiracy second degree, and one count of possession of a firearm by a person prohibited.

At Smack's first sentencing hearing, the government recounted facts underlying the charges in Smack's indictment, presented evidence showing that Smack distributed drugs in large quantities, and characterized Smack as a kingpin in a drug dealing enterprise. Smack disputed some of the sentencing facts. The Delaware Superior Court continued Smack's sentencing hearing and requested briefing on the appropriate burden of proof governing disputed facts. Smack argued that the government must prove anything beyond the offenses of conviction by a preponderance of the evidence and not under the government's proffered minimal indicia of reliability standard. The Delaware Superior Court agreed with the government.

At Smack's second sentencing hearing, the Delaware Superior Court sentenced him to an aggregate of fourteen years of incarceration (which was within the statutory penalty range under Delaware law of two to seventy-six years) followed by decreasing levels of supervision. Smack appealed, and the Delaware Supreme Court affirmed the Delaware Superior Court's judgment. Smack filed a petition for writ of certiorari to the United States Supreme Court that was denied. Smack then filed in the District Court an application for a writ of habeas corpus, which was denied. Smack appealed the District Court's denial, and this Court granted a certificate of appealability regarding the appropriate burden of proof for disputed facts at Smack's state sentencing hearing.

## II.    DISCUSSION[2]

In this appeal, Smack argues that the District Court erred in denying his application for a writ of habeas corpus under § 2254 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under AEDPA, this Court "shall entertain an application for a writ of habeas corpus in [sic] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[3]  28 U.S.C. § 2254(a).  But if the state court adjudicated petitioner's claims on the merits, a habeas application shall not be granted unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).

---

[2] The District Court had jurisdiction over this case under 28 U.S.C. § 2254.  We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 28 U.S.C. § 2253(c)(1)(A). "Because the District Court ruled on [appellant's] habeas petition without conducting an evidentiary hearing, our review of its legal conclusions is plenary."  *Lewis v. Horn*, 581 F.3d 92, 100 (3d Cir. 2009) (citing *Duncan v. Morton*, 256 F.3d 189, 196 (3d Cir. 2001)).

[3] Although 28 U.S.C. § 2254 refers to a habeas "application," we follow the Supreme Court's convention and use the word "petition" interchangeably with the word "application."  *See, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 324 n.1 (2010).

Smack argues that the Delaware state court proceedings fail on both fronts because his sentence (1) violated clearly established federal law and (2) resulted from an unreasonable determination of the disputed facts.[4] We address each argument in turn.[5]

## A. Contrary To or Unreasonable Application of Clearly Established Federal Law

As noted above, AEDPA bars habeas relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). "[C]learly established Federal law" refers "to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dennis v. Sec'y, Pa. Dep't of Corrs.*, 834 F.3d 263, 280 (3d Cir. 2016) (second alteration in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth" in Supreme Court precedent or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different" from that reached by the Supreme Court. *Williams*, 529 U.S. at 405–06. An "unreasonable application" of clearly established federal law occurs when the state court "correctly identifies the

---

[4] Smack also argues that the District Court and Delaware state courts erred in interpreting *Mayes v. State*, 604 A.2d 839 (Del. 1992). We need not analyze this argument because we do not rely on Delaware Supreme Court authority to resolve this case.

[5] Before the District Court, Smack also requested an evidentiary hearing, which the court denied. Smack does not appeal that decision, and we do not address it.

governing legal rule but applies it unreasonably to the facts of a particular prisoner's case. . . ." *Id*. at 407–08. It "is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009).

Here, Smack argues that *McMillan v. Pennsylvania*,[6] *Nichols v. United States*,[7] and *United States v. Watts*[8] "clearly established" that all disputed facts raised at a sentencing hearing must be proven by a preponderance of the evidence and that the rejection of his argument to this effect was contrary to or an unreasonable application of clearly established federal law. Not so.

In *McMillan*, "the United States Supreme Court considered the constitutionality of Pennsylvania's sentencing scheme which required sentencing facts relevant to sentencing considerations to be proven by a preponderance of the evidence." Opening Br. 18. But that case concerned the appropriate burden of proof for analyzing sentencing facts that would increase the State's mandatory statutory minimum. *McMillan*, 477 U.S. at 91.

---

[6] 477 U.S. 79 (1986), *abrogated by Alleyne v. United States*, 570 U.S. 99 (2013).

[7] 511 U.S. 738 (1994).

[8] 519 U.S. 148 (1997).

Smack's case involved no such consideration, as he was sentenced well within the minimum and maximum penalties under Delaware law. [9]

Similarly, *Nichols* concerned the constitutionality of a federal sentencing court's consideration of a defendant's previous misdemeanor conviction when applying a sentencing enhancement under the United States Sentencing Guidelines. *Nichols*, 511 U.S. at 746–47. That is, the sentencing facts in *Nichols* would result in a sentence with a longer top range of potential imprisonment time.

Finally, *Watts* addressed the narrow question of the appropriate burden of proof for factual findings leading to a federal sentencing enhancement; it provided no guidance on the burden of proof governing sentencing facts for a sentence *within* a statutorily permitted scope.

The holdings of these cases provide no support for Smack's argument that the burden of proof governing sentencing enhancement facts should equally apply to a sentence, like the one at issue here, that is within the range established only by his conviction. Smack has not identified a "squarely established," "specific legal rule" that

---

[9] The Supreme Court declined to constitutionalize burdens of proof in *McMillan*, noting that preponderance of the evidence satisfied due process for sentencing "considerations" or "factors" enhancing Pennsylvania's statutory minimum sentence. *Id*. at 85-86. The Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 482-83 (2000) clarified the distinction between sentencing "factors" and "elements"—holding that a fact increasing the statutory maximum was an "element" requiring a higher burden of proof—but the Court initially declined to extend *Apprendi* to facts increasing only the mandatory minimum. *Harris v. United States*, 536 U.S. 545 (2002). In *Alleyne v. United States*, 570 U.S. 99, 112 (2013), the Supreme Court overruled *Harris* and *McMillan*, holding that "the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum."

the state courts declined to apply to his case. *Knowles*, 556 U.S. at 122. Smack therefore has failed to show that the state courts contravened "clearly established federal law" and violated his due process rights.

Because Smack fails to cite to clearly established federal law, he cannot succeed under AEDPA based on this theory.[10, 11]

## B.    Unreasonable Determination of the Facts

Smack appears to argue that he also is entitled to relief based on the second prong of 28 U.S.C. § 2254(d). As discussed above, AEDPA does not bar habeas relief if the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A reviewing court will find an unreasonable determination of the facts when the state court's factual findings are "objectively

---

[10] Smack also challenges the District Court's "reliance" on *White v. Woodall*, 572 U.S. 415 (2014). Opening Br. 26. The District Court's analysis of that case, in a footnote, was premised upon the possibility that Smack's "true argument" on appeal was that Delaware state courts unreasonably refused to extend the preponderance of the evidence standard to Delaware sentencing proceedings. Because Smack explicitly rejects the District Court's framing of his argument, we need not address it.

[11] Finally, relying on the same trio of Supreme Court cases, Smack argues that due process under the Fifth Amendment requires proof of all disputed sentencing facts by a preponderance of the evidence in federal sentencing proceedings. Thus, according to Smack, that burden of proof must also apply to *state* sentencing proceedings under the Fourteenth Amendment. Smack argues that "even if this Court determines that this particular due process protection has not yet been incorporated to the states, this Court has the discretion to find the right to be incorporated." Opening Br. 29. We reject the former argument for the reasons outlined in Section A. And we reject Smack's invitation to "find the right to be incorporated" because the power to create "clearly established" federal law in this context belongs exclusively to the Supreme Court. *Id.*

unreasonable in light of the evidence presented in the state-court proceeding[.]" *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (citations omitted). Smack contends that, because the Delaware state court relied on materially false information in sentencing him, it made an unreasonable determination that entitles him to relief.

The Supreme Court has "often noted that judges in this country have long exercised discretion of this nature in imposing sentence *within statutory limits* in the individual case." *Apprendi*, 530 U.S. at 481 (emphasis in original). Judges are "largely unlimited" in the information they may consider when imposing sentence. *United States v. Tucker*, 404 U.S. 443, 446 (1972) (collecting cases). For example, the Supreme Court has stated that "mere error in resolving a question of fact . . . would [not] necessarily indicate a want of due process of law. . . . [E]ven an erroneous judgment, based on a scrupulous and diligent search for truth, may be due process of law." *Townsend v. Burke*, 334 U.S. 736, 741 (1948). And the Justices have distinguished "a sentence imposed in the informed discretion of a trial judge" from a "sentence founded at least in part upon misinformation of constitutional magnitude." *Tucker*, 404 U.S. at 447. We therefore understand Supreme Court precedent to stand for the proposition that a reviewing court should generally respect a trial court's within-statutory-range sentence unless that sentence relies on materially untrue information of a constitutional magnitude that violates due process.

Smack fails this test. And, contrary to his assertions, neither *Tucker* nor *Townsend* save his claim. Though a state habeas case, *Townsend* is distinguishable because that record showed the sentencing judge's reliance on "assumptions concerning [Townsend's]

9

criminal record which were materially untrue." 334 U.S. at 741. The state trial court sentenced Townsend based in part on charges of which he had been found not guilty. The Supreme Court noted that "it savors of foul play or of carelessness when we find from the record that, on two other of the charges which the court recited against the defendant, he had also been found not guilty." *Id*. at 740. As such, on this record, the Supreme Court concluded that Townsend "was sentenced on the basis of assumptions concerning his criminal record which were materially untrue. Such a result, whether caused by carelessness or design, is inconsistent with due process of law, and such a conviction cannot stand." *Id*. at 741. *Tucker* concerned a defendant's sentence in a federal trial court based in part on convictions obtained in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963). 404 U.S. at 447. Smack does not successfully identify any materially false information relied on by the sentencing court, nor does he explain how the distinct errors in *Tucker* or *Townsend* suggest that his sentence is constitutionally deficient.[12]

---

[12] Smack also contends that the District Court failed to consider how the phrase "materially untrue" is interpreted in *Townsend* and *Tucker*. Smack argues that "materially untrue" in this context must mean "information that is more likely than not untrue, or stated otherwise, information that does not meet the preponderance of the evidence standard." Opening Br. 25. And he argues that the District Court should have considered "the present day effect" of *Townsend* and *Tucker* in light of "the holdings in *McMillan*, *Nichols*, and *Watts*." Opening Br. 25. But the District Court examined *Nichols*, which analyzes *Tucker* multiple times. *See, e.g.*, 511 U.S. at 747. And Smack provides no support for the definition he supplies. Further, considering "the present day effect" of *Townsend* and *Tucker* in light of "the holdings in *McMillan*, *Nichols*, and *Watts*" does not change the outcome. These cases do not clearly establish that the preponderance of the evidence burden of proof applies to disputed sentencing facts that do not expand the sentencing range beyond that established by a defendant's conviction.

Therefore, Smack has failed to show that the Delaware courts relied on any "materially false" information that violates his constitutional rights.[13] Smack has failed to show that he is entitled to habeas relief.

## III. CONCLUSION

For the reasons discussed above, we will affirm the order of the District Court, denying the application for a writ of habeas corpus.

---

[13] Finally, Smack argues that the District Court erred by finding that Smack had conceded that the Delaware Superior Court could consider all indictment counts under the minimal indicia of reliability standard. Smack is incorrect. During Smack's second sentencing hearing, his counsel conceded that the court could consider all of the indicted counts, including those to which Smack had not pleaded guilty. And even absent his counsel's concession, Smack cannot win for the reasons stated in Section B.